UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHUDIER BANGUOT,

          Plaintiff,

    v.

BRUCE SCOTT, *et al.*,

          Defendants.

CASE NO. 3:22-cv-05137-BJR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 1, 2022

This matter is before the Court on referral from the district court and on the Court's order to update address. *See* Dkt. 7.

Plaintiff, who proceeds *pro se* and *in forma pauperis* ("IFP"), initiated this matter in March 2022. *See* Dkt. 1. Because plaintiff has failed to timely update his address, the Court recommends dismissing this action without prejudice and revoking plaintiff's IFP status for purposes of any appeal.

A party proceeding *pro se* shall keep the Court and opposing parties advised as to their current mailing address. *See* Local Civil Rule 41(b)(2). If the Postal Service returns mail that the

REPORT AND RECOMMENDATION - 1

1  Clerk's Office sent to a *pro se* plaintiff, and if plaintiff fails to notify the Court and opposing
2  parties within 60 days thereafter of his current mailing address, the Court may dismiss the action
3  without prejudice for failure to prosecute. *Id.*; *see also* Fed. R. Civ. P. 41(b).

4  On March 25, 2022, the Court granted plaintiff's IFP application. *See* Dkt. 4. On April 5,
5  2022, the Court's order was returned undeliverable with a notation that plaintiff was not at the
6  Northwest Detention Center. *See* Dkt. 6 at 1. On April 7, 2022, the Court ordered plaintiff to
7  update his address and warned plaintiff that the Court would recommend dismissal of this action
8  without prejudice if plaintiff failed to do so by June 6, 2022. *See* Dkt. 7. The Court's order was
9  returned as undeliverable on April 19, 2022. *See* Dkt. 8.

10 Plaintiff has not responded to the order to update his address or otherwise taken further
11 action in this matter. As such, this matter should be **dismissed without prejudice**. Further,
12 because any appeal from the dismissal would lack an arguable basis in law or fact (*see Gardner*
13 *v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)),
14 plaintiff's *in forma pauperis* status should be revoked for purposes of any appeal.

15 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
16 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
17 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
18 review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver
19 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
20 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

21 ///
22 ///

1  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2  matter for consideration on **July 1, 2022,** as noted in the caption.

3  Dated this 9th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge